IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DOLLY KAY PATTERSON (01) | No. 2:24-CR-70-E |

### GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS

Comes now, the United States, by and through the undersigned counsel, and responds to defendant Dolly Patterson's Motion to Dismiss, Dkt. 23, and respectfully shows as follows:

Patterson asks this Court to dismiss the indictment for failure to state an offense under Fed. R. Crim. P. 12(b)(3)(B)(v). She does not appear to argue any fatal legal defect in the indictment, but rather that no reasonable jury could conclude that the statement at issue was a "threat" sufficient to support a conviction under 18 U.S.C. § 875(c) and 18 U.S.C. § 115(a)(1)(B).[1] She is wrong and her motion should be denied.

"As a motion to dismiss an indictment for failure to state an offense is a challenge to the sufficiency of the indictment, the Court must take the allegations of the indictment as true and must determine whether an offense has been stated." *United States v. Nevarez*, No. 2:24-CR-9-Z, 2024 WL 3463095, at *1 (N.D. Tex. July 17, 2024) (quoting *United*

---

[1] Patterson also appears to make arguments outside the purview of a motion to dismiss. For example, she argues that potential jury instructions could be confusing if different statutes have different levels of scienter. The government responds here only to the motion to dismiss and reserves its right to take up at the proper time other issues Patterson mentions.

**Government's Response to Defendant's Motion to Dismiss – Page 1**

States v. Kay*, 359 F.3d 738, 742 (5th Cir. 2004) (internal quotations omitted)). Although Rule 12 motions can sometimes resolve "a question of law presented in a case involving undisputed facts," *United States v. Flores*, 404 F.3d 320, 325 (5th Cir. 2005), Patterson's motion is based on a factual dispute—*i.e.*, whether a jury could reasonable determine that her statement was a threat sufficient to support a conviction under 18 U.S.C. § 875(c) and 18 U.S.C. § 115(a)(1)(B). And questions of factual sufficiency are not properly addressed in a motion to dismiss, but rather are issues for the jury. *See, e.g.*, *United States v. Mann*, 517 F.2d 259, 267 (5th Cir. 1975) ("A defendant may not properly challenge an indictment, sufficient on its face, on the ground that the allegations are not supported by adequate evidence, for an indictment returned by a legally constituted and unbiased grand jury, if valid on its face, is enough to call for trial of the charge on the merits.").

"A 'threat' is a serious statement expressing an intent to injure any person, which under the circumstances would cause apprehension in a reasonable person, as distinguished from idle or careless talk, exaggeration, or something said in a joking manner." Fifth Circuit Pattern Jury Instructions, 2.39 (2024). "It is not necessary to prove that the defendant actually intended to carry out the threat." *Id*.

Here, the parties agree that the statement alleged in the indictment as constituting the threat was: "Tell this anti-abortion judge he needs to watch his back -- and that of his kids -- the rest of his life!" Patterson argues that, as a matter of law, this statement cannot constitute a threat sufficient to support a conviction under 18 U.S.C. § 875(c) and 18 U.S.C. § 115(a)(1)(B) or a "true threat." She is clearly wrong. The judge here had ruled

on a controversial issue and then received an anonymous electronic communication stating that, because of his ruling, he better watch the back of himself and his children. A reasonable jury could easily find that the context shows that the statement was a serious intent to injure (not a joke or idle talk), and that such statement would cause apprehension in a reasonable person. And the mens rea—whether intent or recklessness—can easily be inferred from the communication itself.

In sum, there is no dispute that the indictment tracks the relevant statutory language, provides all the elements of the offenses charged, and informs Patterson of the charges against which she must defend. And her argument that the threat here is not sufficient to support convictions under 18 U.S.C. § 875(c) and 18 U.S.C. § 115(a)(1)(B) is nothing more than a challenge to the factual sufficiency of the allegations, which is not proper for a Rule 12 motion and is an issue for the jury to decide.

Patterson's Motion to Dismiss should be denied.

>Respectfully submitted,
>
>CHAD E. MEACHAM
>ACTING UNITED STATES ATTORNEY
>
>s/ *Matthew Weybrecht*
>MATTHEW WEYBRECHT
>Assistant United States Attorney
>State Bar of Texas No. 24102642
>Telephone: 817-252-5200
>Fax: 817-252-5455
>matthew.weybrecht@usdoj.gov

CERTIFICATE OF SERVICE

    I hereby certify that on February 5, 2025, I electronically filed the foregoing document with the clerk for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorney(s) of record.

    *s/ Matthew Weybrecht*
    MATTHEW WEYBRECHT
    Assistant United States Attorney