IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | NO. 2:24-CR-00070-E |
| DOLLY KAY PATTERSON (1) | |

## MOTION IN LIMINE

Now comes Defendant, Dolly Kay Patterson, by and through counsel, Paul E. Herrmann and Christy L. Drake, who respectfully requests this Court to exclude evidence for the following reasons:

### BACKGROUND

In early April 2023, Judge Matthew Kacsmaryk in the Amarillo Division of the Northern District of Texas issued an order in a case regarding reproductive issues that was perceived by some as controversial.  As a result Judge Kacsmaryk received a number of very negative communications via the Court's help line. The help line consists of an on-line form on the Court's website that can be completed by the sender.  On the help form after a message is submitted, an auto generated response is sent to the email the individual inputted in the help line. Any email address can be inputted into the form.

A comment was received via the Court's help line on April 17, 2023. In the spot the help line asked for an email address, the sending individual put in the form "dkpat@yahoo.com".  In the body of the form, the sender remarked, "Tell this anti-abortion judge he needs to watch your back--and that of his kids--the rest of his life". An

Motion in Limine -page 1

auto generated response was purportedly sent to dkpat@yahoo.com. The marshal service investigated what they called an "inappropriate communication". The email address of dkpat@yahoo.com was researched and the Internet Protocol Address (IP) returned to a person identified as Justin Marshall in Pennsylvania. During the investigation, the yahoo account of dkpat@yahoo.com showed to originated with the name of Dean Kirkpatrick. Justin Marshall's phone number was also associated with the email account of dkpat@yahoo.com. Discovery provided does not detail how or why Justin Marshall, his girlfriend, or the name Dean Kirkpatrick were cleared of culpability, but the reports do indicate that Justin Marshall was cooperative.

The investigation then expanded and investigators reported "extensive investigation including the Open-Source Intelligence Unit (OSINT) reporting and legal process". No reports reflect what extensive investigation and legal process was done with the exception of one identified chat site by the name of Disqus. From this "extensive investigation" of the chat site of Disqus, agents came upon an email address from a different service provider for a dkpat@icloud.com. Agents identified that email address as belonging to the defendant Dolly Kay Patterson in Redwood City, California. Disqus is a forum for various discussion topics. Agents found and relied upon the chat site Disqus records which contained a smattering of one-sided discussion or comments on topics mostly related to foreign policy and Stanford beginning in 2016 through 2023. While these discussions on the Disqus forum are conversations between 2 or more parties that are in no way threatening or targeting any action or activity, the government relies heavily on them to support their contention that Dolly Patterson matches some kind of "profile of someone who would send

Motion in Limine -page 2

that message".  Additionally, there are no comments on any of the comments left by dkpat from this Disqus site that relate in any way to reproductive rights or Judge Kacsmaryk and there is no evidence or context as to what comments dkpat is responding and finally only an assumption that the comments are from the defendant.

Nonetheless, based upon these specious conclusions the marshals sent a lead to federal agents in the Redwood City area. On August 1, 2024, some 16 months after the communication was received in Amarillo, United States Marshals went to the residence of Dolly Kay Patterson, a 66-year old retired former Stanford employee with no criminal history residing in Redwood City, California with 81-year old spouse and her adult son.

According to the prosecutor, this important interrogation of the defendant in her home was not recorded and no written statements were taken.  A one page report from the Marshal states when asked if she sent the message to the district judge the defendant replied, "Yes, I did".  The defendant disputes this was her reply to what she understood was the question and there is no indication the message submitted on the help line in April 2023 was shown to the defendant and further there is no indication she was informed when this message was sent.

The report then states in response to continued interrogation that she did not know the judge; had no intention of carrying out a threat; and that it was possible she may travel to Texas at some time as she had family there, had lived there and went to school there. There is nothing in the report to document any preceding or subsequent conversation. There is no reference to any inquiry as to why a yahoo email address was placed in the message as she did not have this yahoo address, instead had an iCloud address.  There is

Motion in Limine -page 3

no reference to a request to check her computer or phone to determine if any auto response was received or if any search history existed regarding the Court's help line and how to access it. There is no indication if there were discussions regarding the basis of the message or if it was meant as a threat or as the report states, an "inappropriate communication".

It is important to note that the user name of dkpat is listed in the discovery from the Disqus site. It is unknown if others involved in the chat had access to this information and possibly could have used it to implicate the defendant in the current prosecution. But for the interview at the defendant's home wherein the government believes she "confessed" to which she disputes, there is no other evidence establishing that the defendant was responsible for this statement left on the court's helpline.

## Limine #1

**EXCLUSION OF EVIDENCE OUTSIDE THE SCOPE OF THE INDICTMENT**

Ms. Patterson asks to Court to exclude any evidence of conversations on the internet unrelated to the indictment. The comments from Disqus are one sided and incomplete. The records do not include the complete exchange between the parties to the communication. There is no ability to assess what is being exchanged or with whom resulting in potentially misleading and confusing results.

Any content from the Disqus site constitutes inadmissible hearsay. Federal Rule of Evidence 901 requires evidence of authorship to be admissible. To offer any email or other online communication to prove its substantive content, content which is not verified, the government must independently authenticate the email's or content's author under Federal Rule of Evidence 901 and provide a hearsay exclusion or exception for

Motion in Limine -page 4

admitting the particular communication. *United States v. Browne*, 834 F.3d 403 (3rd Cir. 2016).

There is an insufficient basis to identify the author of the comments the prosecution wishes to offer. The only evidence that the comments came from the defendant is the email address. Anyone could have used that email address and there are two other adults that live with the defendant.

Evidence must be relevant in order to be admissible. Fed. R. Evid. 402. "Evidence is relevant if: it has any tendency to make a fact more or less probable that it would be without the evidence…" Fed. R. Evid. 401(a). Potential theories of admissibility for this evidence fail for the reasons enumerated below.

To the extent that the Government seeks to admit this evidence under the theory that the defendant acted similarly in the unindicted incidents (under 404(a)) it is also inadmissible. Federal Rule of Evidence 404(a)(1) provides that "[e]vidence of persons character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait". Fed. R. Evid. 401(a).

To the extent the Government seeks to admit this evidence under the theory that it is evidence of other crimes, wrongs or acts under Federal Rule of Evidence 404(b), it is inadmissible as qualifying for any basis of admissibility. The identity of the author of the emails has not been established. Further, these comments do not suggest any illegal activity. They are not crimes or wrongs.

Even if this Court were to find that this evidence was relevant, it is clearly prejudicial. Federal Rule of Evidence 403 provides that even relevant evidence is

Motion in Limine -page 5

inadmissible if its "probative value is substantially outweighed by a danger or one or more of the following: unfair prejudice, confusion the issues, misleading the jury, undue delay, wasting time or needlessly presenting cumulative evidence". Fed. R. Evid. 403.  The prejudicial effect and risk of confusion is abundant.  One of the essential purposes of an indictment is to provide notice so a defense can be prepared. Courts have consistently ruled that an indictment is sufficient only if "fairly informs the defendant of the charges against which he must defend…" *United States v. Yesfsky*, 944 F.2d 885, 893 (1st Cir. 1993) (citing *Hamling v. United States*, 418 U.S. 87, 117 (1974)).

Any evidence of suggested wrongdoing of allegedly making comments on internet discussions sites involving topics unrelated to the pending indictment would unfairly compel the defense to present evidence to rebut such suggested wrongdoing.

**Limine #2**

**INFLAMMATORY LANGUAGE AND JARGON**

The defendant requests that the government be instructed not to use inflammatory language regarding topics in dispute. Specifically, the defendant requests that the government refrain from referring to any statements made during the interrogation of the defendant at her home on August 1, 2024 as a "confession".  The defendant disputes that the defendant made any such "confession" and any responses to questioning by law enforcement was misunderstood.  Use of the term confession is inaccurate, prejudicial, inflammatory and improper.

Should the Court permit testimony regarding any alleged postings to the Disqus commentary sites, the government agents be instructed to refrain from using internet jargon

including, but not limited to, "trolling". Use of these terms is prejudicial and inflammatory. According to MIT Social Media Hub, the term "trolling" is defined as antagonizing others online by deliberately posing inflammatory, irrelevant, or offense comments or other disruptive comments. The MIT Hib also states that a few negative comments do not equal trolling.

The comments the government wishes to use are out of context and there is no way of assessing what comments they were responsive to. To admit them or to label them would be unfair and misleading.

## CONCLUSION

It is for the aforementioned reasons that Defendant respectfully requests this Honorable Court to exclude any and all evidence as set forth above or approach the bench prior to inquiring into these topics and also to provide an appropriate limiting instruction to the jury.

/s/Christy L. Drake
Christy L. Drake
Texas Bar No. 06104500
8350 N. Central Exy, Suite 1900
Dallas, TX  75206
Telephone: (806)681-1259
chrisdrakelaw@gmail.com

Motion in Limine -page 7

## CERTIFICATE OF CONFERENCE

On February 7, 2025, I consulted with Assistant United States Attorney Matthew Weybrecht, who stated that he opposed the relief sought as to Limine #1 and opposed the relief sought in Limine #2 using the word "confession" but did not intent to use the term "trolling".

*/s/ Christy L. Drake*
Christy L. Drake

## CERTIFICATE OF SERVICE

I, Christy L. Drake, Counsel for Defendant, certify that on February 7, 2025, this document was filed using the electronic case filing system for the Northern District of Texas, which provides for service to the counsel for the United States.

*/s/Christy L. Drake*
Christy L. Drake
