IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DOLLY KAY PATTERSON | No. 2:24-CR-70-E |

### GOVERNMENT'S OMNIBUS MOTIONS IN LIMINE
### NUMBERS ONE THROUGH SIX

The United States of America ("the Government") respectfully submits the following motions in limine. The Government requests that the Court direct the defendant, the defendant's attorneys, and all witnesses for the defendant not to mention, refer to, interrogate concerning, or bring to the attention of the jury in any matter, directly, indirectly, or through argument, any of the matters identified below without first approaching the bench and obtaining a ruling on a subject's admissibility.

### MOTIONS IN LIMINE

1. **Lawyers or witnesses shall not reference, mention, explain or argue to the jury the health, age, medical condition, or employment history of the defendant.**

Defendant's health, age, medical condition, or employment history have no relevance to her guilt for the charged conduct. Raising these issues do not tend to make a fact more or less probable than it would be without the evidence. Fed. R. Evid. 401(a). Further, these types of issues are of no consequence in determining the action. Fed. R. Evid. 401(b). Rather, it is simply an improper attempt to garner sympathy from the jury. Raising such issues in any manner at trial would be inappropriate because they are

irrelevant and inadmissible. Fed. R. Evid. 402.

### 2. Lawyers shall not reference, mention, explain or argue to the jury the defendant's lack of criminal history without an appropriate witness.

A defendant may offer evidence of the defendant's pertinent trait, and if the evidence is admitted, the Government may offer evidence to rebut it. Fed. R. Evid. 404(a)(2)(A). The law-abiding nature of the defendant is a pertinent trait that the defendant may introduce. *See, e.g., United States v. De Leon*, 728 F.3d 500, 505 (5th Cir. 2013). However, the defendant is limited to presenting reputation or opinion testimony to prove such pertinent character or character trait, unless it is an essential element of a charge, claim, or defense. Fed. R. Evid. 405.

Because lack of criminal history or law-abiding nature of the defendant is not an element of a charge, claim, or defense, the defendant would only be able to raise these character traits through reputation or opinion testimony. Any attempt to introduce such evidence without an appropriate character witness would be inappropriate.

### 3. Lawyers or witnesses shall not reference, mention, explain, or argue to the jury about any potential prison time or punishment.

Any direct or indirect references to the sentence that might be imposed should the defendant be convicted of the offenses charged, the conditions the defendant might face in prison if convicted and sentenced to a term of imprisonment, and the impact that any sentence may have on her family should be precluded. A jury may not, in reaching its verdict, consider any possible sentence that might be imposed following conviction. *See Shannon v. United States*, 512 U.S. 573, 579 (1994) (citing *Rogers v. United States*, 422 U.S. 35, 40 (1975)). This principle "is a reflection of the basic division of labor in our

**Government's Omnibus Motions in Limine – Page 2**

legal system between judge and jury. The jury's function is to find the facts and to decide whether, on those facts, the defendant is guilty of the crime charged. The judge, by contrast, imposes sentence on the defendant after the jury has arrived at a guilty verdict." *Id.*

Thus, the Government respectfully requests that the Court instruct defense counsel to refrain from referring, in any way, to the sentence that may be imposed on defendant, the conditions the defendant might face in prison if convicted and sentenced to a term of imprisonment, and the impact any sentence would have on her family.

### 4. Lawyers or witnesses shall not reference, mention, or argue to the jury that a defendant is not guilty because the Government did not indict others who participated in similar conduct.

Any statements regarding any other person not being charged in the indictment, whether or not any other individual has been or will be charged with a crime, is not relevant to the guilt of the defendant. *United States v. Thompson*, 253 F.3d 700, 2001 WL 498430, at *16 (5th Cir. 2001) (upholding granting the government's motion in limine to prevent defense counsel from comparing defendant's conduct with that of other uncharged or immunized witnesses); *see also United States v. Armstrong*, 517 U.S. 456, 463 (1996) ("[a] selective-prosecution claim is not a defense on the merits to the criminal charge itself, but an independent assertion that the prosecutor has brought the charge for reasons forbidden by the Constitution"); *United States v. Webster*, 162 F.3d 308, 333 (5th Cir. 1998) (noting the decision to prosecute one person and not another is proper exercise of executive discretion with which [courts] are reticent to interfere); *United States v. Jeong*, 624 F.3d 706, 713 (5th Cir. 2010) ("the decision to prosecute is particularly ill-

suited to judicial review" and the United States government "retains broad discretion as to whom to prosecute") (citing *Wayte v. United States*, 470 U.S. 598, 607 (1985)). Any statements to that effect are only meant to prejudice the jury, and they offer no probative value. Fed. R. Evid. 403.

The defendant's attorneys previously have communicated that they intend to raise an argument regarding the equitability of "prosecution v. advising the person to cease from any further communications as has been done historically." This type of argument has no bearing on the guilt or innocence of the defendant. It also has no probative value as to any potential bias, issue of truthfulness, or issue of impeachment against the Government's witnesses. The Court thus should preclude defense counsel from making this argument to the jury.

5. **Lawyers or witnesses shall not reference, mention, explain, or argue to the jury the fact that any defense counsel were former prosecutors, government lawyers, or held any similar positions.**

The Government moves to preclude the defendant's attorneys from referring during trial to their previous experience as state or federal prosecutors, federal agents, or lawyers for any other governmental agency. Such information is immaterial to the guilt of the defendants and has no relevance to the trial. Ms. Drake has served as an Assistant United States Attorney in the Northern District of Texas in its Amarillo office and also as both Special Prosecution Division Chief and Criminal Chief at the Potter County District Attorney's Office. All these experiences, while commendable, have no relevance to the trial of the defendant. They have no tendency to make a relevant fact more or less probable than it would be without the jury being made aware of such information. *See*

Fed. R. Evid. 401, 402. As another district court stated, "prior prosecution experience is irrelevant to any issue to be decided" during the trial. *United States v. Palumbo Bros.*, Case No. 96 CR 613, 1998 U.S. Dist. LEXIS 1756, at *5 (N.D. Ill. 1999) ("The government's uncontested motions in limine to bar Giles from referring to . . . prior prosecution experience of counsel [is] . . . GRANTED); *United States v. Andreas*, 23 F. Supp. 2d 835, 852 (N.D. Ill. 1998) ("The government moves to exclude defense counsel from referring to their prior prosecutorial experience, before the jury . . . . Such statements are irrelevant . . . . Accordingly, the motion is granted and all counsel are ordered to refrain from mentioning their prior prosecutorial experience."). Thus, the Government respectfully requests that the Court instruct defense counsel to refrain from referring, in any way, to prior experience as former prosecutors, any former affiliations with any United States Attorney's Office, or any governmental agency, any experience in handling investigations, and whether they, as prosecutors, would have sought to investigate or prosecute the defendant.

6. **Lawyers or witnesses shall not reference, mention, explain or argue to the jury about the defendant's own self-serving statement without the defendant testifying.**

In her motion to suppress, the defendant denies confessing to writing the threats. Although the Government may offer the defendant's confession under the party-opponent exemption to the hearsay rule, the defendant cannot reference, mention, explain, argue, or deny that the confession happened without testifying because it would fall squarely within the prohibition against hearsay. Fed. R. Evid. 801. The defendant cannot get around this rule by couching her self-serving statement in cross examination of the

Government's witnesses. *See, e.g.*, *United States v. Pierre*, No. 2:19-CR-00286-01, 2021 U.S. Dist. LEXIS 95664, at *1-2 (W.D. La. May 17, 2021) (granting the government's motion in limine on the same grounds). The rule of completeness also does not allow the defendant to assert these belated claims of innocence through cross-examination. *United States v. Sanjar*, 876 F.3d 725, 739 (5th Cir. 2017) (holding that Federal Rule of Evidence 106 does not allow the defendant to introduce statements claiming innocence through cross-examination because they were not necessary to qualify, explain, or place into context the agent's testimony on direct).

Respectfully submitted,

CHAD MEACHAM
ACTING UNITED STATES ATTORNEY

/s/Jongwoo Chung
JONGWOO CHUNG
Assistant United States Attorney
NC Bar No. 52070
1100 Commerce Street, 3rd Floor
Dallas, Texas 75242
Telephone: 214.659.8600
Facsimile: 214.659.8809

## CERTIFICATE OF SERVICE

      I hereby certify that on February 7, 2025, I electronically filed the foregoing document using the Court's CM/ECF system, thereby providing service on attorneys of record.

                                            /s/ Jongwoo Chung
                                            JONGWOO CHUNG
                                            Assistant United States Attorney

## CERTIFICATE OF CONFERENCE

      I hereby certify that on February 7, 2025, I conferred with the defendant's counsel Ms. Christy Drake and she indicated that she is **opposed** to the Government's Motion in Limine #1, #2, #4, and #6 and **unopposed** to the Government's Motion in Limine #3 and #5.

                                            /s/ Jongwoo Chung
                                            JONGWOO CHUNG
                                            Assistant United States Attorney